### *In re* CASTEN'S ESTATE.

*(Surrogate's Court, Cattaraugus County.    July 20, 1889.)*

WILLS—CONSTRUCTION—AMBIGUITY.

. Testator's will contained the following provision: "I direct that after my decease, and the decease of my wife, there shall be paid, out of my personal or real estate, to my son, Ira, a sum aggregating one hundred dollars a year, and to my daughters, Emily and Eunice, a sum amounting to fifty dollars a year, from the time each was respectively of the age of twenty-one years until my decease, deducting a term of five years from the time of Emily. * * *" *Held*, that the bequest to the son commenced to run from the time he was 21 years old, and that the daughters took $50 each from the time they were severally of that age, with the exception of the deduction of that amount for five years from the legacy of Emily.

On judicial settlement of the estate of James Casten, deceased.
*N. M. Allen*, for executor.    *W. S. Thrasher*, for James Casten.

SPRING, S.    The question raised in this matter is as to the interpretation to be given to the following clause in the will of testator: "I direct that after my decease, and the decease of my wife, there shall be paid, out of my per-

sonal or real estate, to my son, Ira L. Casten, a sum aggregating one hundred dollars a year, and to my daughters, Emily and Eunice, a sum amounting to fifty dollars a year, from the time each was respectively of the age of twenty-one years until my decease, deducting a term of five years from the time of Emily, on account of time lost by her while she was the wife of, and living with, Butler Wait, and while she was incapacitated for labor on account of trouble." I am convinced this provision fairly means that the bequest to Ira L. Casten commences to run from the time he was 21 years of age, and that the daughters are to take $50 each from the time they are severally of that age, with the exception of Emily, as a limitation is placed upon her legacy. In the first place, the word "each" refers to the three preceding names, as this is a perfectly natural construction, and is necessary in order to determine when the legacy to Ira L. becomes operative. In the second place, Emily and Eunice are not twins; and, unless the subsequent language serves to specify when the bequests to the daughters become severally effective, it can have no significance whatever. To illustrate: Suppose Emily is 30 years of age when her sister is 21. Unless this bequest is to each of them, when would it be operative? It is to be from the time "each are, respectively, of the age of twenty-one years;" and, if the bequest is a joint one, it would be impossible to determine whether this was when Emily attained the age designated or when Eunice arrived at that age. The subsequent language, providing for a deduction "of five years from the time of Emily," serves to make it plain that the testator regarded these bequests as several in their character. I do not think the fact that these daughters are to be paid a sum "amounting" to $50 is significant, against this construction, in view of the loose manner in which the will is drawn. In the bequest to Ira L., the scrivener was equally profuse and careless in the use of words, for he says a "sum aggregating one hundred dollars a year shall be paid to him." In each instance the participle is surplusage. It is the intention of the testator that is sought to be carried out, and I think his intention was to give each of these daughters $50 annually; and a decree will be entered accordingly.